**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM GITAU MUNGE,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-72139<br><br>Agency No. A096-167-113<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

William Gitau Munge, a native and citizen of Kenya, petitions for review of

the Board of Immigration Appeals' ("BIA) order denying his motion to reopen

removal proceedings.   Our jurisdiction is governed by 8 U.S.C. § 1252.   We

review for abuse of discretion the denial of a motion to reopen, *Toufighi v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   Thus, Munge's request for oral argument is denied.   *See*
Fed. R. App. P. 34(a)(2).

*Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and due process claims under a de novo standard of review, *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Munge's untimely motion to reopen because Munge failed to present material evidence of changed circumstances in Kenya to qualify for a regulatory exception to the time limitation for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi*, 538 F.3d at 996 (BIA may deny a motion to reopen for failure to establish changed country conditions). We reject Munge's contentions that the BIA failed to consider all the evidence, *see Larita-Martinez*, 220 F.3d at 1095-96 ("an applicant attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence"), or imposed new proof requirements without notice, *see id*. at 1095, (requiring error to prevail on a due process claim).

To the extent Munge argues "equitable concerns" warranted the reopening of his case, we lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings. *See Go v. Holder*, 744 F.3d 604, 610-11 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**

14-72139